IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael L. Norris, <br><br> Plaintiff, <br><br> v. <br><br> Lowes, <br><br> Defendant. | C/A No. 3:25-cv-6030-JFA-SVH <br><br> **ORDER** |

Plaintiff Michael L. Norris, proceeding pro se, filed this civil action alleging employment discrimination. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On June 24, 2025, Defendant filed a motion to dismiss. (ECF No. 7). The court then entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of the motion and of the need for him to file an adequate response. (ECF No. 8). Plaintiff was specifically advised that if he failed to respond adequately, the motion may be granted. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to respond to Defendant's motion. Furthermore, Plaintiff failed to respond to a subsequent order asking if he wished to continue this case. (ECF No. 11). That order warned Plaintiff that his failure to comply would subject his case to dismissal for failure to prosecute.

Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 14). Within the Report, the Magistrate Judge opines that this matter should be summarily dismissed for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on August 27, 2025. *Id.* The Magistrate Judge required Plaintiff to file objections by September 10, 2025. *Id.* Plaintiff failed to file objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Complaint is subject to dismissal pursuant to Rule 41.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 14). Consequently, this action is dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

September 30, 2025                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge